IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KATHY REAVES; TIESHA DANIELLE EVANS; and DMITRI A. REAVES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 124-065 |
| DAVID LEVERT KYLER, et al., | ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 9, 2024, Plaintiffs commenced the above-captioned case *pro se*. (Doc. no. 1.) Ms. Kathy Reaves was the only plaintiff to submit a request to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) On May 14, 2024, the Court denied her IFP motion, (id. at 1-2), because Ms. Reaves has the financial resources to pay the $405.00 filing fee, (doc. no. 4). The Court ordered the filing fee to be paid within twenty-one days of the date of the Order. (Id. at 2.) The Court noted the failure to do so would result in a recommendation that this case be dismissed. (Id.)

Instead of paying the filing fee, Plaintiffs moved vacate the May 14th Order, contending Ms. Reaves is "not retired" and "does not receive quote 'retirement' from anywhere," but receives part of her monthly income from a VA Pension and survivorship benefits. (Doc. no. 5, pp. 1-2.) Moreover, Plaintiffs request the Court allow all three of them to submit untimely IFP motions. (Id. at 3.) The substance of Plaintiffs' motion changes nothing of the Court's analysis in its May 14th Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiffs' failure to comply with the requirements of the Local Rules and pay the filing fee within the allotted time amounts not only to a failure to prosecute, but also an abandonment of their case.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.  Because this case is due to be dismissed, the pending motion should also be **DENIED AS MOOT**. (Doc. no. 5.)

SO REPORTED and RECOMMENDED this 10th day of June, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA