IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KATHY REAVES; TIESHA DANIELLE EVANS; and DMITRI A. REAVES, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV 124-065 |
| DAVID LEVERT KYLER, et al., | ) ) ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed by Plaintiff K. Reaves. (Doc. no. 13.) Since the June 10, 2024 R&R was entered, (doc. no. 6), the Court received Plaintiff Evans's motion to proceed *in forma pauperis* ("IFP"), (doc. no. 8), Plaintiffs' two motions to amend their complaint, (doc. nos. 9-10), and a procedurally improper Rule 26(f) Report containing only Plaintiffs' signatures, (doc. no. 11).

Nothing in the objections or motions change the R&R's conclusion this case is due to be dismissed for Plaintiffs' failure to comply with the requirements of the Local Rules and pay the required filing fee within the allotted time. In multi-plaintiff suits, every plaintiff must qualify for pauper status. Thus, if even one plaintiff fails to qualify for pauper status, the filing fee must be paid. See Curry v. Ocwen Loan Servicing, LLC, No. 117-CV-4450-WSD-AJB, 2017 WL 10671174, at *2 (N.D. Ga. Nov. 27, 2017), adhered to on recons., 2018 WL 3699000 (N.D. Ga. Mar. 28, 2018) ("Although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed [IFP], each plaintiff must qualify for IFP status." (citations omitted));

Zaragoza v. Litton Loan Servicing, No. 1:10-CV-4117-RWS-AJB, 2011 WL 13319891, at *2 (N.D. Ga. Jan. 28, 2011) (same). Here, the Court never received an IFP motion from Plaintiff D. Reaves and Plaintiff K. Reaves does not qualify for IFP status, (doc. nos. 2, 4). Thus, Plaintiffs must pay the filing fee and have failed to do so.

Notably, Plaintiff K. Reaves has filed dozens of federal cases in Georgia and South Carolina containing substantially similar claims as the instant suit arising out of a Georgia arrest warrant and her arrest in South Carolina. See, e.g., Reaves v. Washington, et al., No. 4:23-CV-3847-JD, doc. no. 8 (D.S.C. Aug. 8, 2023) (collecting cases); Reaves v. Clayton Cnty. Bd. of Educ., et al., No. 1:23-CV-1082-LMM, doc. no. 21 (N.D. Ga. Aug. 24, 2023) (same). The Court warns Plaintiff K. Reaves that if she continues to abuse filing in this District concerning the same underlying claims, the Court will not hesitate to enact filing restrictions like those imposed in the District of South Carolina. See No. 4:23-CV-3847-JD, doc. no. 25.

Accordingly, the Court **OVERRULES** the objections, (doc. no. 13), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action. Because this case is due to be dismissed, the pending motions are **DENIED AS MOOT**. (Doc. nos. 5, 8-10.) The Court further **DIRECTS** the **CLERK** to **TERMINATE** the pending motion associated with the procedurally improper Rule 26(f) Report. (Doc. no. 11.)

SO ORDERED this _12th_ day of July, 2024, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA