```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF GEORGIA
                          AUGUSTA DIVISION
```

KATHY REAVES; TIESHA DANIELLE     *
EVANS; and DMITRI A. REAVES,      *
                                  *
     Plaintiffs,                  *
                                  *     CV 124-065
          v.                      *
                                  *
DAVID LEVERT KYLER, et al.,       *
                                  *
     Defendants.                  *
                                  *

# O R D E R

Before the Court is Plaintiff Kathy Reaves' ("Plaintiff K. Reaves") motion for reconsideration of this Court's July 16, 2024 Order dismissing this case without prejudice (Doc. 14). (Doc. 16.) For the following reasons, Plaintiff K. Reaves' motion for reconsideration is **DENIED**.

## I. BACKGROUND

On May 14, 2024, this Court denied Plaintiff K. Reaves' application to proceed *in forma pauperis* ("IFP") and ordered Plaintiffs to pay the $405.00 filing fee within twenty-one days. (Doc. 4.) When Plaintiffs failed to comply, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal without prejudice. (Doc. 6.) Plaintiffs filed objections (Doc.

13), which this Court considered before adopting the R&R and dismissing the case without prejudice on July 16, 2024 (Doc. 14). Plaintiff K. Reaves now requests that this Court reconsider its July 16, 2024, Order pursuant to Federal Rule of Civil Procedure 60. (Doc. 16, at 1.)

## II. DISCUSSION

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59(e) or 60. Brown v. Synovus Fin. Corp., 783 Fed. App'x 923, 931 (11th Cir. 2019). "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while "Rule 60 applies to motions for reconsideration of matters collateral to the merits." Id. (citation omitted). Here, the Court dismissed Plaintiffs' case not on the merits, but because Plaintiffs failed to pay the required filing fee. (Doc. 14, at 1.) Therefore, Plaintiff K. Reave's motion is properly brought under Rule 60.

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (internal quotation marks

2

omitted) (citing FED. R. CIV. P. 60(b)(1)-(6)). To prevail under the "catch-all" provision of Rule 60(b)(6), the moving party "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (citations and internal quotation marks omitted). A party seeking reversal under Rule 60(b) "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (first alteration in original) (citation omitted).

The instant motion largely contains various allegations and facts pertaining to Plaintiffs' complaint. (Compare Doc. 16 and Doc. 1.) Relevant to the Court's grounds for dismissal, the motion states only that "Plaintiff was denied the opportunity to submit a motion to pay a filing fee in installments because of the Court's swift decision" to dismiss the case. (Doc. 16, at 18.) Plaintiff K. Reaves does not argue relief is warranted under any provisions in Rule 60(b)(1)-(5). Even if Plaintiff K. Reaves had argued the Court was mistaken when it dismissed her case, thereby invoking Rule 60(b)(1), the Court would not be persuaded. This Court's Local Rules provide that after a motion to proceed IFP has been denied, "[f]ailure to make timely payment [of a filing fee] will result in dismissal of the complaint," L.R. 4.2, SDGa., and the Magistrate Judge alerted Plaintiffs to this potential consequence

3

(Doc. 4, at 2). The Court made no mistake in enforcing its own clearly established rule.

Finally, even when considered under the catch-all provision of Rule 60(b)(6), Plaintiff K. Reaves' motion fails to establish the requisite extraordinary circumstances to compel this Court to vacate its dismissal of her case. Plaintiff's motion for reconsideration (Doc. 16) is therefore **DENIED**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 16) is **DENIED** and this case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of January, 2025.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```